# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CASSANDRA A. MATTHEWS,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) CASE NO. 14-CV-00601-KD-N |
| **CITY OF MOBILE, ALABAMA,** | ) ) |
| **Defendant.** | ) ) ) |

## DEFENDANT CITY OF MOBILE, ALABAMA'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

COMES NOW City of Mobile, Alabama ("Defendant" or "City"), by and through its undersigned counsel, and submits this Answer to the Complaint of Plaintiff Cassandra A. Matthews ("Plaintiff"), stating as follows:

### INTRODUCTORY STATEMENT, JURISDICTION, AND VENUE

Defendant specifically denies that Plaintiff is entitled to any of the relief outlined in her introductory statement. Defendant agrees that this Court has jurisdiction over Plaintiff's claims and that venue is proper.

### FACTUAL ALLEGATIONS

1. Upon information and belief, admitted that Plaintiff began working for the City in 1996 as Public Safety Dispatcher I for the Mobile Police

Department and that Plaintiff was promoted to Public Safety Dispatcher II in 2002. The remaining allegations of this paragraph are denied.

 2. Denied as drafted.

 3. Denied as drafted.

 4. Admitted.

 5. The text of the enabling legislation speaks for itself.

 6. Admitted.

 7. Denied as drafted.

 8. Denied as drafted.

 9. Denied as drafted (including subparts).

 10. Denied as drafted.

 11. Denied.

 12. Denied as drafted.

 13. Denied as drafted.

 14. Denied.

 15. Upon information and belief, admitted.

 16. Upon information and belief, admitted.

 17. The Mobile County Personnel Board Rule cited in this paragraph speaks for itself.

 18. Denied.

19. Denied.

20. Upon information and belief, admitted.

21. Upon information and belief, admitted.

22. Upon information and belief, admitted.

23. The subject reinstatement order speaks for itself.

24. Denied.

25. Upon information and belief, admitted.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied as drafted.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

38. Upon information and belief, admitted.

## COUNT I

39. Denied.

## COUNT II

40. Denied.

## COUNT III

41. Denied.

## COUNT IV

42. Denied.

## PRAYER FOR RELIEF

Except as set forth above, Defendant specifically denies the allegations of Plaintiff's Complaint and demands strict proof thereof.

Defendant denies that Plaintiff is entitled to any of the relief request in her Prayer for Relief.

Defendant demands Trial by Jury on the counts for which a Jury Trial is available.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some or all of the claims of the Complaint failed to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff has failed to satisfy the prerequisites, jurisdictional or otherwise, to bringing some or all of the claims alleged in the Complaint.

### THIRD DEFENSE

Some or all of the Plaintiff's claims are barred because they are outside the scope of Plaintiff's Charges of Discrimination filed with the EEOC.

### FOURTH DEFENSE

Some or all of the Plaintiff's claims are barred because of her failure to make them a subject of a timely Charge of Discrimination filed with the EEOC.

### FIFTH DEFENSE

Some or all of the Plaintiff's claims are barred by her failure to institute this action within 90 days of receiving a Notice of Right to Sue from the EEOC.

### SIXTH DEFENSE

Some or all of the claims in the Complaint are barred by the limitations period and/or laches.

**SEVENTH DEFENSE**

Some or all of the claims alleged in the Complaint and the relief sought are barred by the doctrines of waiver, estoppel, and/or unclean hands.

**EIGHTH DEFENSE**

Some or all of the claims alleged in the Complaint and the relief sought are foreclosed because Plaintiff has not done equity.

**NINTH DEFENSE**

All decisions and/or actions challenged as discriminatory in the Complaint were undertaken for legitimate, non-discriminatory, non-retaliatory reasons.

**TENTH DEFENSE**

In the alternative to the above defense, some or all of the decisions challenged as discriminatory and/or retaliatory in the Complaint would have been undertaken even had Plaintiff not had the protected status alleged and/or had not undertaken the protected conduct alleged.

**ELEVENTH DEFENSE**

Plaintiff has failed to mitigate any backpay or monetary relief sought.

**TWELFTH DEFENSE**

Plaintiff is not entitled to a trial by jury on some or all of the relief sought based upon some or all the claims alleged in the Complaint.

**THIRTEENTH DEFENSE**

Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

## FOURTEENTH DEFENSE

Plaintiff fails to state a claim against Defendant that would warrant the award of punitive damages.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to punitive damages since none of the actions taken by the defendant relative to plaintiff were taken maliciously, intentionally, in bad faith or with callous or reckless disregard for plaintiff's federally protected rights.

## SIXTEENTH DEFENSE

In the alternative to the above defense, the punitive relief claim by Plaintiff violates the United States and State of Alabama's Constitutions.

## SEVENTEENTH DEFENSE

Defendant did not act willfully or in reckless disregard of Plaintiff's federally protected rights.

## EIGHTEENTH DEFENSE

Defendant is not guilty of unlawful discrimination and/or retaliation against the Plaintiff.

## NINETEENTH DEFENSE

In the alternative to the above defense, Plaintiff would have been treated no differently even had unlawful discrimination or retaliation not played a role in some or all the challenged employment decisions.

## TWENTIETH DEFENSE

Even should the finder of fact determine that any discriminatory or retaliatory animus played any part in the Defendant's personnel actions regarding Plaintiff, Defendant avers that such actions would have been taken in any event and for legitimate, non-discriminatory reasons.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the applicable doctrines of waiver, acquiescence, release, and accord and satisfaction.

## TWENTY-SECOND DEFENSE

Defendant is not liable for the activities alleged because it had in place an appropriate policy against harassment and discrimination and an adequate procedure to receive and remedy complaints, and Plaintiff unreasonably failed to take advantage of this policy.

## TWENTY-THIRD DEFENSE

Plaintiff unreasonably failed to utilize Defendant's appropriate policy and procedure in reporting of complaints of harassment.

## TWENTY-FOURTH DEFENSE

Defendant is not guilty of conduct sufficiently severe or pervasive to establish a hostile work environment.

## TWENTY-FIFTH DEFENSE

Plaintiff was not subjected to harassment sufficiently severe or pervasive to alter the terms and conditions of her employment.

## TWENTY-SIXTH DEFENSE

Temporal and/or amount limitations confine the monetary relief sought by Plaintiff.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims for punitive damages are barred because defendant had an applicable non-discrimination and non-harassment policy, Plaintiff failed to take advantage of it, and upper management had no actual or constructive notice of the alleged conduct.

## TWENTY-EIGHTH DEFENSE

To the extent that Plaintiff's Complaint could be interpreted to raise a demand for punitive damages, this demand violates the Constitution and/or common law or public policies of the United States on the following grounds:

a. It is a violation of the Due Process and Equal Protection Clauses of the 14th Amendment to impose punitive damages, which are penal in nature, against a civil defendant, upon either plaintiff satisfying a burden of proof that is less than beyond a reasonable doubt standard required in criminal cases.

b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of punitive damages against a

defendant, which violates this defendant's rights to Due Process guaranteed by the United States Constitution.

     c.     The procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the 14th Amendment of the United States Constitution.

     d.     The procedures pursuant to which punitive damages are awarded result in the imposition of different or disparate penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the 14th Amendment of the United States Constitution and defendant's Due Process rights.

     e.     Any claim for punitive damages cannot be sustained because an award of punitive damages under existing standards violates rights guaranteed by the 5th, 8th, and 14th Amendments to the United States Constitution.

     f.     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the 8th Amendment of the United States Constitution and in violation of defendant's Due Process rights.

     g.     Plaintiff's claim for punitive damages against defendant cannot be sustained because any award of punitive damages would violate defendant's Due Process rights inasmuch as juries are not guided by adequate or specific standards

concerning the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

      h.      The claim of punitive damages, and the provisions of law governing the right to recover punitive damages, are unconstitutionally vague, and definite and uncertain, and deprive this defendant of due process of law.

      i.      Plaintiff's claim of punitive damages, and the provisions of law governing any right to recover punitive damages under the allegations made in the Complaint, caused defendant to be treated differently from other similarly-situated persons and/or entities by subjecting defendant to liability beyond actual loss, if any, caused by any act or omission, if any, and to liability determined without clearly defined principles, standards, and limits on the amounts of such awards.

      j.      Plaintiffs are not entitled to recover punitive damages under the circumstances alleged, if based on current standards of civil litigation would violate the self-incrimination clause of the 5th Amendment to the United States Constitution to impose against defendant punitive damages, which are penal in nature, yet compelled defendant to disclose potentially incriminating evidence.

      k.      An award of punitive damages in this case would cause a deprivation of property without due process of law.

l.      The procedures pursuant to which punitive damages are awarded under the statutes alleged are not rationally related to legitimate government interests.

m.      The procedures pursuant to which punitive damages are awarded subject the defendant to punishment under a law not fully established before the alleged offense.

n.      The 11th Amendment of the United States Constitution prohibits plaintiffs' recovery of damages or of any other monetary relief in this action.

### TWENTY-NINTH DEFENSE

Defendant expressly denies all allegations not specifically admitted herein.

### THIRTIETH DEFENSE

Defendant reserves all other defenses relating to Plaintiff's claims in her Complaint and reserves the right to assert as additional defenses as they become known or available.

Respectfully submitted,

*/s/Kathryn M. Willis*
Kathryn Morris Willis (MOR130)
Kasee S. Heisterhagen (SPARK7253)
Attorneys for Defendant
City of Mobile, Alabama

OF COUNSEL:

BURR & FORMAN LLP
RSA Tower, Suite 22200
11 North Water Street
Mobile, Alabama  36602
Telephone: (251) 344-5151
Facsimile: (251) 344-9696

## CERTIFICATE OF SERVICE

      I hereby certify that I have served on this the 23rd day of April, 2015, a copy of the foregoing document using the CM/ECF System, which will send notification of such filing upon counsel registered with the system and/or a copy will be deposited in the United States mail, properly addressed and first class postage prepaid:

Ronnie L. Williams
814 St. Francis Street
Mobile, AL 36602
rwilliams@williams-llc.com

                                              */s/Kasee S. Heisterhagen*
                                              OF COUNSEL